NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 8, 2011
Decided July 19, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1629

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-20005-001 |
| TONY B. PITTMAN, *Defendant-Appellant.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Appellant Tony Pittman pled guilty to possessing 18.6 grams of crack cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm by a felon, 18 U.S.C. § 922(g)(1). He was sentenced to serve concurrent terms of 120 months in prison on each charge. On appeal Pittman argues that the district court should have applied the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, to his crack cocaine sentence, which was imposed after the Act took effect for a crime committed before it effect. Pittman also contends that the district court erred in sentencing him to 120 months in prison for possessing the firearm. Based

on the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321 (2012), which reversed controlling precedent in this circuit, we agree that Pittman is entitled to resentencing under the terms of the Fair Sentencing Act. The firearm sentence, which depended on the cocaine sentence, also must be vacated for reconsideration.

On January 14, 2010, law enforcement agents from Vermilion County executed a search warrant of Pittman's Illinois residence and found 18.6 grams of crack cocaine, 572.3 grams of marijuana, $1,684 in cash, a digital scale, plastic bags, a grinder, and a semiautomatic pistol. Pittman agreed to be interviewed, admitted the illegal drugs seized from his home belonged to him, and acknowledged he had been selling cocaine and marijuana from his home for about one and a half years. He also admitted that he had borrowed the firearm for protection after his home was burglarized. Pittman was indicted for possessing crack cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm by a felon, 18 U.S.C. § 922(g)(1). Pittman entered an open plea of guilty on both counts on December 1, 2010.

A probation officer prepared a presentence investigation report. Because the Sentencing Guidelines treat firearm possession as a specific offense characteristic of unlawful drug possession, see U.S.S.G. § 2D1.1(b)(1), the report grouped the two counts together for the purpose of determining a total punishment. See § 3D1.2(c). The probation officer arrived at a total offense level of 21 after considering the specific offense characteristic of possessing a dangerous weapon and Pittman's acceptance of responsibility, see § 3E1.1. The report stated that Pittman's offense level of 21 and criminal history category of III would ordinarily establish a total punishment guideline range of 46 to 57 months in prison for both counts. At the time of Pittman's conduct, his possession of more than 5 grams of crack cocaine with intent to distribute called for a statutory mandatory minimum sentence of 120 months in prison. 21 U.S.C. § 841(b)(1)(B)(iii) (2006). The probation officer recommended applying U.S.S.G. § 5G1.1 to sentence Pittman to 120 months in prison on each count, to run concurrently. Pittman did not object to the presentence report. The district court adopted the report in its entirety and sentenced Pittman to 120 months in prison on each count to run concurrently. When the district court made that decision, circuit precedent indicated that the Fair Sentencing Act would not apply to a defendant whose crime was committed before August 3, 2010. See *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010) (refusing to apply Act to case pending on direct appeal); *United States v. Fisher*, 635 F.3d 336, 339 (7th Cir. 2011) (extending *Bell* to defendant who committed crime before Act took effect but was sentenced afterward), *rev'd sub nom. Dorsey v. United States*, *supra*.

Pittman argues that the district court should have applied the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, to his sentence for drug possession. The legislation was enacted on August 3, 2010, before Pittman was sentenced but after his criminal conduct. The Act amended § 841(b)(1) by raising the amount of crack cocaine mandating a 120-month minimum

prison sentence for Pittman (because of his criminal record) from 5 grams to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010). Because Pittman pled guilty to possession of only 18.6 grams of crack cocaine, he would not be subject to the 120-month minimum sentence under the revised statute. The Supreme Court recently held that the more lenient penalties of the Act applied to offenders like Pittman whose crimes preceded the enactment of the Act but who were sentenced after that date. See *Dorsey*, 567 U.S. at ___, 132 S. Ct. at 2335-36. Thus, we remand to the district court for resentencing in accordance with the Act.

Pittman also challenges the concurrent 120-month sentence for possessing a firearm as a felon. He argues that the district court should have applied U.S.S.G. § 5G1.2(b), which addresses sentencing for multiple counts of conviction, instead of § 5G1.1(b), which addresses sentencing on a single count of conviction. If the court had applied the correct section of the Guidelines, Pittman contends, the guideline range for the firearm charge would have been only 46 to 57 months. We need not reach the merits of this argument: the district court's sentence on the firearm charge was dependent on the sentence for the crack cocaine charge, which must itself be vacated.  Thus, we **VACATE** the sentences on both counts and **REMAND** to the district court for a new sentence on both counts of conviction.